AVART *vs.* KING ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
WATTS PRESIDING.

A sheriff's account for fees and charges, need not be proved when not contested, or required by the court. The law provides that the fees for keeping personal property and slaves, taken under legal process, shall be at the discretion of the court.

In this case the sheriff having executed an order of sequestration, at the instance of the plaintiff, sequestered and took into his possession fifty-four head of cattle and horses, and kept them from the 29th of November, 1834, to the 25th of December following. He then took a rule on the plaintiff, to show cause, why she should not pay over to him the amount of his account for costs and expenses, according to an account and fee bill which he annexed.

On the day fixed for the trial of the rule, the plaintiff failed to appear, and no cause being shown, the court, upon simple inspection of the sheriff's account, made the rule absolute and allowed the amount claimed. The plaintiff appealed.

*Roselius*, for the appellant, contended, that judgment on the rule was given without proof or evidence of the claim of the sheriff, and should, therefore, be reversed.

Eastern Dist.

*May*, 1839.

AVART
*vs.*
KING ET AL.

*Deblieux*, for the appellee in the rule, insisted, that the judgment was rendered in accordance with the law in such cases.

*Rost, J.*, delivered the opinion of the court.

The sheriff of the parish of Jefferson took a rule upon the plaintiff, to show cause, why she should not pay him the bill of costs due him, the said sheriff, in this suit, and the costs incurred in keeping fifty-four head of cattle and horses taken possession of by him, by virtue of an order of the court ; his bill of costs and expenses was annexed to the rule. The rule was duly served upon the plaintiff, but she did not appear upon the day of the return, and failed to show cause. The court, on her default, made the rule absolute, and ordered the amount of the sheriff's account to be paid to him. The plaintiff appealed.

The clerk, in certifying the record, states, that the transcript contains all the documents filed in regard to the rule, and that no testimony was adduced by either party ; the appellant contends, that there is no evidence in the record to show the length of time during which the cattle and horses were kept by the sheriff, or the probable expense of keeping them, and that without such evidence the judgment cannot be maintained.

Under the peculiar circumstances of this case, that proof was not requisite, unless the judge required it. The law provides, that the fees for keeping personal property and slaves, taken under legal process, shall be at the discretion of the court.

If the judge had sufficient knowledge of the facts upon which the exercise of his discretion was asked, no evidence was necessary. If the allowance was unreasonable, the plaintiff has no one to blame but herself. She might, by answering the rule, have contested the claim, and introduced any evidence which she might have had against it.

A sheriff's account for fees and charges need not be proved when not contested or required by the court. The law provides, that the fees for keeping personal property and slaves, taken under legal process, shall be at the discretion of the court.

EASTERN DIST.　　This mode of proceeding is frequently resorted to in the
*May,* 1839.　country parishes, where seizures of live stock are often
PEIRE　made, and its legality has never been contested there to our
*vs.*
MARTIN.　knowledge.

　　It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.